UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jeromy Arroyo,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>Peter Bih, *et al.*,<br><br>　　　　　　　Defendant(s). | 2:24-cv-01510-GMN-MDC<br><br>**ORDER DENYING IFP APPLICATION** |

Pending before the Court is *pro se* plaintiff Jeromy Arroy's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Complaint (ECF No. 1-2). For the reasons stated below, the Court DENIES the IFP application. The Court DEFERS addressing the Complaint at this time.

## DISCUSSION

### I.  IN FORMA PAUPERIS

####   A.  Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), *report and recommendation adopted sub nom. Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B. Analysis**

Plaintiff failed to disclose a financial asset, and therefore, the Court cannot determine whether plaintiff qualifies to proceed *in forma pauperis* at this time. Plaintiff reported that he has no income and has no money in his checking and/or savings account. ECF No. 1 at 1-2. Plaintiff also reported he does not have any assets (i.e., automobile, real estate, stock, etc.). ECF No. 1 at 2. Nor does he have any monthly expenses or dependents. *Id.* However, a public records search revealed that plaintiff is in

possession of a 2013 Hyundai, registered in his name. The registration address matches plaintiff's name and current address, and therefore it is assumed that the car belongs to him. Plaintiff signed the IFP, declaring under penalty of perjury that the information he provided is true. ECF No. 1 at 2. However, his failure to disclose his possession of a vehicle in his name puts into question the veracity of the IFP. The Court will give plaintiff another chance to show that he qualifies for IFP status. Thus, the Court orders plaintiff to submit a long-form IFP application by **September 16, 2024**. The long-form IFP application must be complete, meaning that no question can be left blank. Simply answering a question with "N/A" will not suffice. Plaintiff's long-form IFP application should also address the Court's concerns regarding his failure to disclose the vehicle.

//

//

//

**II.  COMPLAINT**

The Court notes that plaintiff failed to sign his Complaint (ECF No. 1-2). Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign his complaint. Fed. R. Civ. P. 11(a). Because Plaintiff did not sign the complaint, the Court cannot consider it for screening. Rule 11 provides that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." As such, the Court will grant plaintiff an opportunity to cure the defect. If plaintiff chooses to cure the defect, he should file the new, properly signed complaint, in the form of an amended complaint. Thus, plaintiff may not merely file a signature page.  Plaintiff is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). ("[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-

existent.'") (internal citations omitted). Therefore, the Court will give plaintiff until **September 16, 2024,** to cure the defect and file an amended complaint that is properly signed by plaintiff.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED.

2. Plaintiff must submit a long-form IFP application OR pay the full filing fee by **September 16, 2024.** Failure to timely comply with the Court's Order may result in a recommendation that the case be dismissed.

3. The Court DEFERS addressing plaintiff's Complaint (ECF No. 1-2) at this time.

4. Plaintiff must submit a <u>**signed**</u> Amended Complaint by **September 16, 2024.** Failure to timely comply with the Court's Order may result in a recommendation that the case be dismissed.

5. The Clerk of the Court is kindly directed to send to Plaintiff the approved form for filing a civil complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-2). If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

6. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED this 16th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.