UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jeromy Arroyo,

             Plaintiff(s),

vs.

Peter Bih, *et al.*,

             Defendant(s).

2:24-cv-01510-GMN-MDC

**REPORT AND RECOMMENDATION TO DISMISS CASE**

Pending before the Court is *pro se* plaintiff Jeromy Arroyo's second *Motion/Application to Proceed In Forma Pauperis* ("11/19/24 IFP") (ECF No. 7) filed on November 19, 2024. For the reasons stated below, the Court RECOMMENDS denying the IFP application and RECOMMENDS the case be dismissed.

**DISCUSSION**

**I. INTRODUCTION**

On August 15, 2024, plaintiff filed a complaint and his initial *Motion/Application to Proceed In Forma Pauperis* and complaint. *See* ECF No. 1. "*In forma pauperis*" is a Latin legal term meaning "in the character or manner of a pauper." "Pauper" means someone who is unable to provide for his own support and is otherwise without financial resources. *See Barron's Law Dictionary* 364 (Steven H. Gifis, 4th ed. 1996).

On August 16, 2024, the Court issued an order (ECF No. 3) ("08/16/24 Order") denying plaintiff's initial application and advising plaintiff that he did not sign his complaint. The Court's 08/16/24 Order advised the plaintiff of the law guiding the Court in reviewing his *in forma pauperis* application and used the language of such law in its reasoning, *e.g,* 28 U.S.C. § 1915(a)(1); *Adkins v. E.I DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (holding that a person must show that because of his poverty, he cannot pay the court fees).

The Court, however, did not shut the door on the plaintiff's case or his request to proceed *in forma pauperis*. Instead, the Court's 08/16/24 Order informed plaintiff of the Court's reasons for denying his application and gave plaintiff an opportunity to submit an amended application with additional information along with a signed complaint. The Court gave plaintiff until September 16, 2024, to submit a new *Motion/Application to Proceed In Forma Pauperis* with additional information and a signed complaint. *See* ECF No. 3.

Plaintiff, however, did not take such opportunity. Instead, plaintiff has become upset over the denial of his initial August 15, 2024, *Motion/Application to Proceed In Forma Pauperis* and has left several threatening voice mails with the Court and Court personnel over the past several weeks. Plaintiff's pending, and untimely, 11/19/24 IFP further reflects plaintiff's continued hostility, *e.g.*,

4. How much cash do you and your spouse have? $ 0.00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Discrimination | Abuse | $ 0.00 | $ 0.00 |
| Retaliation | Lying | $ 0.00 | $ 0.00 |
| Negligence | Sacrificing | $ 0.00 | $ 0.00 |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home *(Value)* | $ 0.00 |
| Other real estate *(Value)* | $ 0.00 |
| Motor vehicle #1 *(Value)* | $ 0.00 |
| Make and year: JUDGES THAT ARE CRIMINALS IN DISGUISES | |
| Model: BRAINWASHING | |
| Registration #: LIES | |
| Motor vehicle #2 *(Value)* | $ 0.00 |
| Make and year: ABUSE REALITY | |
| Model: ILLNESS | |
| Registration #: MANIPULATION | |
| Other assets *(Value)* | $ 0.00 |
| Other assets *(Value)* | $ 0.00 |

## II. PLAINTIFF'S PENDING *IN FORMA PAUPERIS* APPLICATION

A person's *in forma pauperis* affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016).

Plaintiff did not cure any of the deficiencies that the Court have him an opportunity to cure in its 08/16/24 Order. As discussed above, plaintiff's current 11/19/24 IFP does not provide any legitimate financial information that would allow the Court to evaluate his application under the legal standards the Court is obligated to follow. Moreover, plaintiff failed to submit a signed complaint by the September 16, 2024, deadline.

## III. DISMISSAL OF THE ACTION IS APPROPRIATE

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing plaintiff's action. Plaintiff did not comply with this Court's 08/16/24 Order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court Order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

This Court cannot operate without collecting reasonable fees and litigation cannot progress without a plaintiff's compliance with Court orders. The only alternative is to enter another order setting

another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given the circumstances in this case. Therefore, the fifth factor favors dismissal.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal. For the reasons discussed in this Order and the Court's 08/16/24 Order (ECF No. 3), plaintiff's case should be dismissed.

ACCORDINGLY,

**IT IS RECOMMENDED that:**

1. Plaintiff's 11/19/24 IFP application (ECF No. 7) be DENIED.

2. The Complaint (ECF No. 1) and this action be DISMISSED.

DATED this 26th day of November 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.